**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| STATE OF ARKANSAS | * | |
| | * | |
| | * | |
| VS. | * | |
| | * | NO: 4:11CV00163   SWW |
| FELISHA Y. OGELSBY | * | |
| | * | |
| Defendant | * | |
| | * | |

**ORDER OF REMAND**

On February 22, 2011, Felisha Y. Ogelsby ("Ogelsby") filed a *pro se* notice of removal (docket entry #2), seeking to remove a criminal case from the District Court of North Little Rock, First Division.  Ogelsby alleges that Judge Jim Hamilton found her guilty of failure to pay rent in violation the Arkansas Criminal Code, even though he lacked "jurisdiction . . . to enforce the Arkansas Criminal Code where Defendant had not been indicted nor served with a criminal complaint as required by the Arkansas Code Annotated, the Arkansas Constitution and the Constitution for the United States of America as amended."  Docket entry #2, at 3.  For reasons that follow, this case will be summarily remanded to state court.

The Court is under an independent obligation to examine the notice of removal to determine whether subject matter jurisdiction exists.  Furthermore, the Court possesses the authority, under 28 U.S.C. § 1447(c), to remand a case, *sua sponte*, for lack of subject matter jurisdiction.

In order for a criminal defendant to remove a criminal prosecution from a state court, she must file a notice of removal that contains a short and plain statement of the grounds for removal

1

together with a copy of all process, pleadings, and orders served upon her in the state court proceeding. *See* 28 U.S.C. § 1446(a). Ogelsby failed to file such copies along with her notice of removal. Furthermore, the notice of removal does not contain a short and plain statement of grounds for removal.

A state criminal prosecution may be removed to this Court by a defendant under limited circumstances. There are three statutes which govern the removal of criminal prosecutions. First, pursuant to 28 U.S.C. § 1442, federal officers prosecuted for acts done in furtherance of their official duties may remove the state prosecution to federal court. Second, under § 1442(a) members of the armed forces in certain limited situations may remove the state prosecution to federal court. Third, under 28 U.S.C. § 1443(1) and (2), a defendant may remove a state prosecution to federal court where it is:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The phrase "any law providing for ... equal civil rights" set forth in § 1443(1) means any law providing for specific civil rights stated in terms of racial equality. *See Georgia v. Rachel*, 384 U.S. 780 (1966). Broad contentions of deprivations of equal protection and due process do not support removal of claims under Section 1443(1). *See Johnson v. Mississippi*, 421 U.S. 213, 219(1975)("That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of

§1443(1)").  And §1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Greenwood v. Peacock*, 384 U.S. 808, 824 (1966).

The Court finds that Ogelsby's allegations to not support removal under the aforementioned statute and that no statutory basis exists for the removal of the criminal case.

IT IS THEREFORE ORDERED that Plaintiff's criminal case is hereby remanded summarily to the North Little Rock District Court, First Division, pursuant to 28 U.S.C. § 1446(c).

IT IS FURTHER ORDERED that Plaintiff's motion to proceed *in forma pauperis* (docket entry #1) is DENIED AS MOOT.

IT IS SO ORDERED THIS 24TH  DAY OF FEBRUARY, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE